UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

|  |  |
|---|---|
| CHRISTOPHER J. EADS, | Civ. Action No. 22-5571 (RMB) |
| Petitioner |  |
| v. | **MEMORANDUM AND ORDER** |
| WARDEN MERENDINO, |  |
| Respondent |  |

This matter comes before the Court upon Petitioner's motion for an evidentiary hearing and for appointment of counsel in this habeas proceeding under 28 U.S.C. § 2241 (Dkt. No. 8), and Respondent's letter brief in opposition to Petitioner's motion. (Dkt. No. 9.)  On September 15, 2022, Petitioner filed a habeas petition alleging due process violations in connection with his loss of good conduct time and other sanctions imposed after a hearing on a prison disciplinary infraction at the Federal Correctional Institution in Fairton, New Jersey.  (Dkt. No. 1.)  Respondent filed an answer opposing habeas relief.  (Dkt. No. 6.)  Petitioner filed a reply brief (Dkt. No. 7).

Petitioner submits that it will be necessary for this Court to resolve disputed facts in deciding his petition for writ of habeas corpus.  (Dkt. No. 8.)  He, therefore, seeks appointment of counsel to represent him at an evidentiary hearing.  Respondent contends the decision whether to grant an evidentiary hearing is within the discretion of the court.  Furthermore, Respondent asserts Petitioner improperly issued a

subpoena without seeking permission for discovery from the Court. In the subpoena, Petitioner seeks "[a]ny and all electronic video recordings captured inside the Bravo-Left (B-L) housing unit of FCI Fairton on February 3, 2022 between the times of 12:00 to 12:30 p.m., specifically identifying cell # 211." (Dkt. No. 9-1.)

The Habeas Rules Governing Section 2254 Cases in the United States District Courts govern habeas petitions under 28 U.S.C. § 2241, pursuant to Rule 1, scope of the rules. Habeas Rule 6 requires leave of court before a party may conduct discovery in a habeas proceeding. "A party requesting discovery must provide reasons for the request." Rule 6(b). Petitioner did not follow Rule 6. Moreover, the electronic/video recordings requested in Petitioner's subpoena are presumably for the purpose of showing his innocence of the disciplinary infraction, pressing the duress alarm in his cell in the absence of an emergency. On habeas review, the only question regarding the sufficiency of evidence of a petitioner's guilt is "whether there is any evidence *in the record* that could support the conclusion reached by the disciplinary board." *Johnson v. Williamson*, 350 F. App'x 786, 788 (3d Cir. 2009) (emphasis added) (quoting *Superintendent v. Hill*, 472 U.S. 445, 455-56 (1985)). Thus, Respondent is not required to respond to Petitioner's subpoena.

The Court has preliminarily reviewed the habeas petition, the answer, and reply brief. At this time, the Court will deny Petitioner's motion for an evidentiary hearing and appointment of counsel without prejudice. If, upon closer examination of the record, the Court determines that it must resolve a material issue of disputed fact to resolve Petitioner's cognizable claims, the Court will *sua sponte* order an evidentiary

hearing and appoint counsel to Petitioner.  The Court will determine the petition on the merits in due course.

**IT IS** on this **25th day of July 2023,**

**ORDERED** that Petitioner's motion for an evidentiary hearing and appointment of counsel (Dkt. No. 8) are **DENIED** without prejudice.

s/Renée Marie Bumb
RENÉE MARIE BUMB
Chief United States District Judge
